IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

Cleother Tidwell,
N41754,

    Plaintiff,

vs.

    Case No. 18-cv-959-DRH

KW KINK, et al.,

    Defendants.

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Plaintiff Cleother Tidwell, currently incarcerated at Lawrence Correctional Center ("Lawrence"), brings this *pro se* civil action pursuant to 42 U.S.C. § 1983 for constitutional deprivations that allegedly occurred at Lawrence. Plaintiff commenced this action on April 2, 2018 in the United States District Court for the Western District of Louisiana. Because venue was improper in the Western District of Louisiana, the action was transferred to this judicial district pursuant to 28 U.S.C. § 1406(a). This matter is now before the Court for case management.

Plaintiff is a restricted filer in this District, and would not have been permitted to file his Complaint in this Court in the first instance. *See Tidwell v.*

*Menard C.C. et al.,* No. 3:16-cv-384-SMY-RJD (Doc. 43). The filing ban, issued on August 10, 2017, provides as follows:

> Cleother Tidwell is **SANCTIONED** with a $500 fine, to be paid before any other civil litigation will be filed. This fine is in addition to any other filing fees owed to this District. The Clerk of Court is **DIRECTED** to return all civil pleadings unfiled until the sanction is paid, and all habeas corpus filings will be summarily dismissed thirty days after filing, unless otherwise ordered by the Court. Documents submitted in connection with an appeal are excluded from the sanction.

(16-cv-384-SMY-RJD, Doc. 43, p. 7). Plaintiff appealed. *See Tidwell v. Clendenin, et al.,* Appellate Case. No. 17-3020. The Seventh Circuit denied Plaintiff's Motion for Leave to Appeal *in Forma Pauperis*, finding that Plaintiff failed to identify a good faith issue that the district court erred in denying [Plaintiff's] motions and imposing sanctions and a filing ban. On January 10, 2018, Plaintiff's appeal was dismissed for failure to pay the filing fee.

Plaintiff filed the instant case in the Western District of Louisiana, a district with no connection to the claims or litigants involved in the instant action, perhaps in an effort to avoid the subject filing ban. After all, as Plaintiff is well aware, when he attempts to file papers in this district, where the Clerk's Office is familiar with his litigation history, the staff returns Plaintiff's papers unfiled in accord with the filing ban.

In the instant case, when the Western District of Louisiana transferred Plaintiff's action, the Clerk of the Court properly accepted the transfer and opened a new case. It was proper for the Clerk to accept the transfer because a judge in the transferor district signed an order transferring the case, and it is not for the

Clerk of this Court to refuse to honor such a judicial order. *See Hall v. Stone*, 170 F.3d 706, 708 (7th Cir.1999) ("Even an invalid judicial order must be obeyed until it is stayed or set aside on appeal.")

Nevertheless, Plaintiff is restricted from filing in this judicial district and therefore, pursuant to the filing ban, the Court **DIRECTS** the Clerk to **ADMINISTRATEVLY CLOSE** this case. No filing fee shall be assessed for this action. However, the Court **WARNS** Plaintiff that future attempts to avoid the subject filing ban may result in additional sanctions and imposition of a filing fee, all in addition to the sanctions already imposed and to be paid before the filing ban is lifted.

**IT IS SO ORDERED.**

Judge Herndon
2018.04.17
12:38:52 -05'00'

United States District Judge